UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONNIE CHARLES SHEPPARD, | ) | CASE NO. CV 16-77-VBF (PJW) |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED |
| v. | ) | |
| DANIEL PARAMO, WARDEN, | ) | |
| Respondent. | ) | |

On December 23, 2015, Petitioner filed a Petition for Writ of Habeas Corpus, challenging his July 1996 convictions in Santa Barbara County Superior Court on four counts of using a minor to sell a controlled substance. (Petition at 1.) Petitioner was sentenced to eight years in state prison on those convictions. (Petition at 1.) Petitioner alleges that his 1996 convictions were subsequently used to enhance a June 2014 sentence that was imposed after he was convicted in Los Angeles County Superior Court of attempting to dissuade a witness and assault with a deadly weapon. (Petition at 14-15.) Petitioner now contends with respect to his 1996 convictions that there was insufficient evidence to sustain the charges, he was denied the effective assistance of trial and appellate counsel, the jury should have been instructed on lesser-included offenses, and the trial

1  court erred in imposing consecutive sentences.  (Petition at 6-6(a),

2  8-8(a), 9-9(a).)  For the following reasons, Petitioner is ordered to

3  show cause why his Petition should not be dismissed.

4      State prisoners seeking to challenge their state convictions in

5  federal habeas corpus proceedings are subject to a one-year statute of

6  limitations.  28 U.S.C. § 2244(d).  Here, Petitioner's 1996

7  convictions became final on November 2, 1998--40 days after they were

8  affirmed by the California Court of Appeal.[1]  *See Smith v. Duncan,* 297

9  F.3d 809, 813 (9th Cir. 2002).  Therefore, the statute of limitations

10  expired one year later, on November 2, 1999.  Petitioner, however, did

11  not file this Petition until December 23, 2015, more than 16 years

12  after the deadline.[2]

13      Furthermore, Petitioner's challenge to his 1996 convictions is

14  not cognizable in this Court because he is no longer in custody on

15  those convictions.  *See Maleng v. Cook*, 490 U.S. 488, 492 (1989).  To

16  the extent that Petitioner is arguing that he is still "in custody"

17  because he is suffering the consequences from his earlier convictions,

18  the United States Supreme Court has made clear that a petitioner may

19  not use the federal habeas process to collaterally attack prior

20  convictions.  *See Lackawanna County Dist. Attorney v. Coss*, 532 U.S.

21  394, 403-04 (2001) ("[O]nce a state conviction is no longer open to

22  direct or collateral attack in its own right because the defendant

---

24      [1]  Because the fortieth day after he was sentenced was a
Saturday, Petitioner's conviction became final on Monday 2 November,
1998.  Fed. Rules of Civ. Pro. Rule 6(a).

27      [2]  The Court uses the date Petitioner signed and dated the
Petition and presumably, delivered it for filing as the filing date,
pursuant to the "mailbox rule."  *See Houston v. Lack*, 487 U.S. 266,
275-76 (1988).

failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained").

IT IS THEREFORE ORDERED that, no later than **February 5, 2016,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations and because it is not cognizable.  Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: January 6, 2016


_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\SHEPPARD, L 77\OSC dismiss pet.wpd

3